CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANKIE JAE LORDMASTER,[1] Plaintiff, | ) ) ) | Civil Action No. 7:16-cv-00256 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| CLARKE, et al., Defendants. | ) ) ) | By:  Hon. Michael F. Urbanski United States District Judge |

Frankie Jae Lordmaster,[1] a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983 in May 2016 and did not prepay the filing fee. Under certain circumstances, a prisoner may bring a civil action without fully prepaying the filing fee. 28 U.S.C. § 1915(a)(2), (b). However, 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action proceeding [without prepayment of the filing fee] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2] To fall within the "imminent danger" exception, the prisoner's injury "must be imminent or occurring at the time the complaint is filed." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996)). Allegations of "only a past injury that has not recurred" are insufficient. Id.

Plaintiff has had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim before he commenced this action. See, e.g., Lordmaster v. Davis, No. 1:15cv319 (E.D. Va. May 15, 2015) (dismissed for failing to state a claim); Lordmaster v. Epps, No. 1:14cv1351 (E.D. Va. May 19, 2015) (dismissed for failing to

---

[1] Lordmaster was formerly known as Jason Robert Goldader.
[2] Section 1915(g), often referred to as the "three strikes" provision, is part of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71 (1986). McLean v. United States, 566 F.3d 391, 393 (4th Cir. 2009).

state a claim); <u>Lordmaster v. Sussex II State Prison</u>, No. 1:14-cv-507 (E.D. Va. May 11, 2015) (dismissed for failing to state a claim); <u>Goldader v. Woodson</u>, No. 7:12cv505 (W.D. Va. Dec. 22, 2012) (dismissed without prejudice as frivolous); <u>see also</u> <u>Coleman v. Tollefson</u>, __ U.S. __, 135 S. Ct. 1759, 1765 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); <u>McLean</u>, 566 F.3d at 399 (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Furthermore, the complaint does not allege that Plaintiff is under any imminent threat of serious physical injury within the meaning of 28 U.S.C. § 1915(g). Instead, the complaint concerns access to courts, grievances, and disability accommodations; past uses of force and conditions of confinement; a medical bracelet; marriage to a fellow prisoner; a transfer to another prison; and legal mail. Accordingly, the court dismisses the action without prejudice because Plaintiff did not pay the filing fee when he filed the complaint. See, e.g., <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1237 (11th Cir. 2002).

**ENTER**: This 13th day of September, 2016.

/s/ Michael F. Urbanski
United States District Judge